UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GRANT JONES REALTY, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MW CELL REIT I LLC and CROWN CASTLE USA INC. and XYZ CORP. (1-10) and JOHN DOES (1-10),**<br><br>**Defendants.** | Civ. No. 2:24-cv-00701-WJM-JSA<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    Plaintiff Grant Jones Realty, LLC is a limited liability company that owns a building in Lyndhurst, New Jersey with a rooftop cell tower. This matter arises from a set of agreements involving the cell tower that were executed approximately two decades ago by the parties' predecessors in interest. Before the Court are two motions: (1) the motion of Defendant MW Cell REIT I LLC to dismiss Plaintiff's amended complaint for failure to state a claim pursuant to Rule 12(b)(6); and (2) Plaintiff's motion for leave to file a second amended complaint if the Court dismisses the action. ECF Nos. 21, 23. For the reasons set forth below, Defendant's motion is **GRANTED** and Plaintiff's motion is **DENIED**.

**I.    BACKGROUND**[1]

**Building History and Relevant Agreements**

    The Lyndhurst property ("Building") at the center of this dispute was owned by several entities before being conveyed to Plaintiff. In 2004, a prior Building owner entered into an agreement with a wireless service provider (now T-Mobile) allowing rooftop use for a cell tower. This agreement is memorialized in the Cell Tower Lease. *See* ECF No. 21 Ex. C. Subsequently, the company Coubar Enterprises (one of Plaintiff's predecessors in interest) purchased the Building.

---

[1] Unless otherwise indicated, the facts are drawn from Plaintiff's amended complaint and the agreements at issue: the cell tower lease, the loan, and the assignment of leases and rents. While these agreements are not attached to the amended complaint, they are referenced in it and are central to Plaintiff's claims. *See* Am. Compl. ¶¶ 7-11, ECF No. 20. The parties do not dispute the authenticity of the documents, which are attached to Defendant's motion to dismiss. The Court will thus consider them in deciding the motion. *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

In 2007, Coubar borrowed $200,000 from the firm Wireless Capital Partners (Defendant's predecessor in interest). On September 27, 2007, Coubar and Wireless executed a non-recourse loan agreement ("Loan") and an assignment of leases and rents ("Assignment"). Under these agreements, Wireless (1) loaned $200,000 to Coubar at an interest rate of eight percent over a 35-year amortization period and, in return, (2) acquired the unconditional right to receive *all* monthly rental payments directly from T-Mobile through October 1, 2042. An amortization schedule attached to the Loan calculates monthly principal and interest through the maturity date. Notably, the Loan permits Wireless, as lender, to retain any T-Mobile rent payments exceeding Coubar's monthly loan obligation and prohibits prepayment except through a lump sum that is subject to a yield maintenance fee.

### The Dispute

Wireless eventually assigned its rights under the agreements to Defendant MW, a subsidiary of Crown Capital USA Inc. ("Defendant"). In October 2020, Plaintiff acquired the Building, subject to encumbrances, from one of Coubar's predecessors in interest. The amended complaint does not allege that Plaintiff lacked notice of these encumbrances or that there was any fraud in connection with the acquisition.

The current dispute arises from Defendant's continued retention of *all* rental payments from T-Mobile. While the Loan permits Defendant to collect such rent through 2042, Plaintiff argues that this arrangement is improper, asserting that the "*amount* owed under the [l]oan has been satisfied" or "should be repaid in full shortly." Am. Compl. ¶¶ 16-17 (emphasis added to distinguish *satisfaction of the Loan* from the *loan amount being repaid from rental proceeds*). Plaintiff asserts that once the loan amount is repaid from rental proceeds, it receives no benefit in return for the T-Mobile rental payments made directly to Defendant. *Id.* at ¶ 25. Plaintiff specifically asserts that "the provisions of the Loan [] that allow the Defendant to continue to collect rental payments for the cell tower, for many years after the loan has been paid in full" is unconscionable, inequitable, against public policy, and lacks consideration between the parties. *Id.* at ¶ 29. Defendant counters that this argument disregards the nature and scope of the agreements—specifically, that the Loan and Assignment operate to "effectively lease the [rooftop] for a term of years in exchange for a $200,000 lump sum payment." Def. Reply 2. Defendant further contends that the contracts at issue are "clear, unambiguous, arms-length, bargained-for exchanges in which two commercial parties accepted and allocated risk involved in accordance with their own tolerances." *Id.* at 4.

### Procedural History

On December 18, 2023, Plaintiff filed this action in the Superior Court of New Jersey in Bergen County. On February 6, 2024, Defendant timely removed the action to this Court asserting diversity jurisdiction, ECF No. 1, and subsequently moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6). ECF No. 5. On October 8, 2024, this Court granted Defendant's motion to dismiss, finding that the original complaint, which also included allegations of unjust enrichment and requested declaratory judgment, failed

to state a claim upon which relief can be granted. ECF Nos. 16, 17. The Court granted Plaintiff's request to amend the complaint. *Id.* Plaintiff filed an amended complaint on November 21, 2024, ECF No. 20, and Defendant filed the instant motion to dismiss on December 19, 2024. Mov. Br., ECF No. 21.[2] After Plaintiff received an automatic extension under L. Civ. R. 7.1(d)(5), it filed its opposition brief on January 21, 2025. Pl. Opp., ECF No. 23. On January 28, 2025, Defendant replied. Def. Reply, ECF No. 24.

## II. LEGAL STANDARD

Rule 12(b)(6) provides for dismissal of a complaint if the plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The movant bears the burden of showing no viable claim. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, "all allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). To survive a 12(b)(6) motion, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The Court need not accept as true "legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## III. DISCUSSION

Plaintiff advances three causes of action—unjust enrichment, declaratory judgment, and rescission—that are predication on the allegation that the underlying Loan and Assignment are unconscionable. *See* Am. Compl. ¶¶ 29-30, 34, 40. Before turning to these claims, the Court notes that the amended complaint does not dispute that the agreements resulted from arms-length transactions between commercial parties that structured the allocation of risk to reflect their business interests. The Court assumes Plaintiff conducted appropriate due diligence when it purchased the Building subject to the Lease, Loan, and Assignment, and Plaintiff does not allege fraud or irregularity in that acquisition. In other words, Plaintiff's claims stem not from a deficiency in the agreements themselves, but rather from dissatisfaction with the terms that its predecessor negotiated nearly two decades ago—terms under which the predecessor received $200,000 in exchange for conveying certain property rights for a defined period.

### Unjust Enrichment

---

[2] This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 based on the diverse citizenship of the parties and an amount in controversy exceeding $75,000. *See* ECF No. 14. The Loan provides that the Loan and Assignment shall be governed by and construed in accordance with California law to the extent permitted by New Jersey law, but a choice-of-law analysis is unnecessary because Plaintiff's claims fail under the laws of both states. *See* Loan at § 21.

Count One alleges Defendant has been unjustly enriched by retaining funds purportedly in excess of Plaintiff's repayment obligation under the Loan. Am. Compl. ¶ 2. Unjust enrichment is a quasi-contract claim that requires a plaintiff to show that the "defendant received a benefit" and "retention of that benefit without payment would be unjust." *VRG Corp. v. GKN Realty Corp.*, 641 A.2d 519, 526 (N.J. 1994) (citation omitted). It is unavailable when a valid agreement exists defining the rights of the parties. *See Wall v. Altium Grp., LLC*, 384 F. Supp. 3d 561, 562 (W.D. Pa. 2019) ("Under the governing New Jersey law, there can be no unjust enrichment claim in the existence of a valid contract."); *Paracor Fin., Inc. v. Gen. Elec. Cap. Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996) (noting that, under California law, unjust enrichment is not available "when an enforceable, binding agreement exists defining the rights of the parties"). Here, Plaintiff grounds its unjust enrichment claim in the doctrine of unconscionability, asserting that the repayment provisions are so oppressive and inconsistent with public policy that enforcement would be unconscionable. Am. Compl. ¶ 34. Plaintiff alleges unjust enrichment from Defendant's retention of purportedly "excess" funds. *Id.* ¶ 34.

Whether a clause or contract is unconscionable must be assessed based on the circumstances existing at the time the agreement was made—not at a later date. *Elliott & Frantz, Inc. v. Ingersoll-Rand Co.*, 457 F.3d 312, 326 (3d Cir. 2006) (holding under New Jersey law that unconscionability must be evaluated at the time the contract was executed); *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1347, 182 Cal. Rptr. 3d 235, 247–48 (2015) (applying California law) ("The evidence presented must show the circumstances that existed at the time the contract was made because the determination of unconscionability is not based on hindsight in light of subsequent events."). Here, Plaintiff fails to allege facts that state a plausible claim that the agreements (specifically, the repayment provisions) are either procedurally or substantively unconscionable. For one, the amended complaint contains no allegations regarding how the agreements were negotiated or executed. *See* Pl. Opp. 14. Put simply, Plaintiff cannot avoid the fact that its predecessor received a non-recourse loan of $200,000 in exchange for the right to lease a rooftop through 2042 and collect rent. This arrangement does not "shock the conscience." *See Davenport v. Nvidia Corp.*, 719 F. Supp. 3d 1019, 1031 (N.D. Cal. 2024) (observing that a contract term is "not substantively unconscionable when it merely gives one side a greater benefit; rather, the term must be so one-sided as to shock the conscience.") (cleaned up); *Aron v. U-Haul Co. of California*, 143 Cal. App. 4th 796, 809, 49 Cal. Rptr. 3d 555, 565 (2006) ("The phrases 'harsh,' 'oppressive,' and 'shock the conscience' are not synonymous with 'unreasonable.' Basing an unconscionability determination on the reasonableness of a contract provision would inject an inappropriate level of judicial subjectivity into the analysis."). Count One is **dismissed with prejudice.**

### Request for Declaratory Judgment

Under Count Two, Plaintiff seeks a declaration that once the Loan is repaid, (1) Defendant will no longer have any right to receive payments under the Cell Tower Lease, and (2) all such payments should instead be directed to Plaintiff. Am. Compl. ¶ 3. The Declaratory Judgment Act ("DJA") authorizes courts to "declare the rights and other legal

4

relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). But under the DJA, there must exist an "actual controversy"—namely, a live, concrete dispute or "a substantial controversy between parties having adverse legal interests of sufficient immediacy and reality to warrant issuance of a declaratory judgment." *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1170 (3d Cir. 1987).

Defendant moves to dismiss Count Two, arguing that the plain terms of the Assignment and Loan establish that there is "no controversy between the parties and that the declaratory relief sought by Plaintiff would be of no practical effect or usefulness." Mov. Br. 31. Defendant further maintains that Plaintiff is improperly requesting an abstract declaration concerning "future, hypothetical, and purely speculative injuries," and that the relief sought merely reiterates what the governing agreements already provide. *Id.* at 34. The Court agrees that a declaration is not warranted. The agreements unambiguously set forth the conditions under which Defendant's right to receive rent terminates, rendering Plaintiff's request for declaratory relief unnecessary. Under the Loan and Assignment, Defendant's entitlement to payments under the Cell Tower Lease will cease once the Loan is satisfied—either (1) in 2042 upon its scheduled maturity or (2) through a lump sum payment subject to a fee. *Id.* at 25. In other words, Plaintiff seeks a declaration of rights that are addressed in the valid Loan and Assignment. Since Plaintiff again fails to allege an immediate and concrete dispute between the parties that would require the Court to clarify their legal relationship, Count Two is accordingly **dismissed with prejudice.**

### Rescission

Finally, under Count Three, Plaintiff requests that the Court rescind the Loan. Am. Compl. ¶¶ 49-56. Rescission is not a standalone cause of action but an equitable remedy that depends on the existence of a valid underlying claim. *See Inventory Recovery Corp. v. Gabriel*, No. 11-01604, 2012 WL 2990693, at *6 (D.N.J. July 20, 2012) ("Under N.J.S.A. 2A:32-1 and New Jersey common law, rescission is an equitable remedy for fraud, not a substantive claim."); *Direct Techs., LLC v. Elec. Arts, Inc.*, 525 F. App'x 560, 562 (9th Cir. 2013) (under California law, "[r]escission is not a cause of action, but a common-law remedy on the contract"). While contracts "may be rescinded where there is original invalidity, fraud, failure of consideration, or material breach or default…[t]he remedy is discretionary with the court and should not be granted where there has been substantial performance of the contract." *Ctr. 48 Ltd. P'ship v. May Dep't Stores Co.*, 355 N.J. Super. 390, 411, 810 A.2d 610, 622 (App. Div. 2002) (cleaned up).

Plaintiff has not pled a viable claim that would warrant contract rescission (or partial rescission)—Plaintiff's amended complaint contains no allegations of fraud, material breach, or other fundamental defect supporting this remedy. As noted *supra*, Plaintiff concedes that the amended complaint "does not contain any facts related to the formation, negotiation, or execution of the documents back in 2007." Pl. Opp. 14. Because the

5

amended complaint has not stated a cognizable legal claim, rescission is unavailable here and Plaintiff's request for this equitable relief is **denied** alongside the other claims.[3]

### Request to File a Second Amended Complaint

In its opposition brief, Plaintiff moves for leave to further amend its complaint in the event the Court grants Defendant's motion. ECF No. 23. Rule 15(a) reflects a liberal pleading standard and provides that courts should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). But Rule 15 is not limitless and circumstances warrant denial of amendment. "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory*, 114 F.3d 1410, 1434 (3d Cir. 1997). Here, Plaintiff seeks a second opportunity to amend, but its claims are foreclosed by the plain and unambiguous terms of the governing agreements. Further amendment would be futile. Plaintiff's motion is accordingly **denied.**

## IV.   CONCLUSION

For the reasons stated above, Defendant's motion to dismiss Plaintiff's amended complaint is **GRANTED** and all counts asserted against Defendant are **DISMISSED WITH PREJUDICE.**[4] Plaintiff's motion to file a second amended complaint is **DENIED**. An appropriate order follows.

_____
WILLIAM J. MARTINI, U.S.D.J.

DATE: May 14, 2025

---

[3] To the extent Plaintiff seeks reformation of the Loan, that equitable remedy is unavailable for similar reasons. The amended complaint has not established fraud, mistake, duress, unconscionability, or illegality. *See Ritter v. JPMorgan Chase Bank, N.A.*, 2017 WL 7243542, at *3 (N.D. Cal. Nov. 21, 2017) (observing that reformation of a contract is an equitable a remedy obtained through "fraud or mistake at the time of contracting"); *Fleming Companies, Inc. v. Thriftway Medford Lakes, Inc.*, 913 F. Supp. 837, 843 (D.N.J. 1995) (noting that reformation is available only upon a showing of fraud, mistake, duress, unconscionability, or illegality).

[4] Defendant may renew its request for attorneys' fees in a separate motion.